**In the Matter of Dallas A. HUNT, Debtor.**

**Bankruptcy No. 87–2850–C.**

United States Bankruptcy Court, S.D. Iowa.

Sept. 27, 1988.

Michael P. Mallaney, Des Moines, Iowa, for debtor.

Richard B. Clogg, Indianola, Iowa, for creditor Nancy Laing.

Robert D. Taha, Des Moines, Iowa, Chapter 7 Trustee.

ORDER—OBJECTIONS TO CLAIM OF EXEMPTIONS

RUSSELL J. HILL, Bankruptcy Judge.

On June 14, 1988, a hearing was held on the objections of Nancy Laing, creditor, and Robert D. Taha, Trustee, to the Debtors' claimed exemptions in a pension and profit sharing plan and a 401(k) benefit plan. The following attorneys appeared on behalf of their respective clients: Richard B. Clogg for the objector, Nancy Laing; Robert D. Taha as Trustee; and Michael P. Mallaney for Debtor. At the conclusion of said hearing, the Court took the matter under advisement and now considers it fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court, upon review of the pleadings, evidence, and argu-

ments of counsel, now enters its findings and conclusions pursuant to Fed.R. Bankr.P. 7052.

## FINDINGS OF FACT

1. On November 17, 1987, Debtor filed his voluntary Chapter 7 petition.

2. On his Schedule A, Debtor listed secured claims in the total amount of $21,-000.00 and unsecured claims without priority in the total amount of $25,440.00.

3. On his Schedule B, Debtor listed personal property in the total amount of $17,-030.00. He also listed a profit sharing trust and 401(k) benefit plan with the respective values of $61,000.00 and $5,500.00.

4. Debtor claimed the pension and profit sharing plans as exempt and placed a value of $66,000.00 on these assets.

5. The profit sharing plan is a deferred profit sharing type of retirement plan. Debtor's employer, Fareway Stores, Inc., contributes to said plan in an amount which depends upon the annual profits of the company. Debtor does not contribute to this plan. The plan is supervised by a company committee and the trustees are responsible for the management investment of the trust fund.

6. The purpose of the plan is to provide income at retirement, disability, or death. A member's account will be 100% vested in 10 or more years and will vest in percentage increments commencing after two years of service. If a member dies, becomes disabled, or reaches normal retirement age while employed by the company, the account becomes 100% vested.

7. The plan provides for retirement at the age of 55 or at the age in which a member completes 20 years of service. Disability and death benefits are also provided.

8. A member may not withdraw from the account until retirement, disability, death, resignation, or discharge. A member may borrow against the account in the event of sickness, unusual need or emergency.

9. Debtor has been voluntarily contributing to his 401(k) plan since 1986. He is presently contributing $60.00 per week, or approximately 10% of his weekly income. If a member suffers a financial hardship, the member may request a hardship withdrawal from the 401(k) account. However, these withdrawals may be subject to tax penalties for early withdrawal.

10. Debtor is 44 years of age and is in good health.

11. Debtor is divorced but has remarried. His wife is 41 years of age and in good health. She is employed outside the home and earns approximately $600.00 per month net.

12. Two step-children reside with Debtor. They receive $500.00 per month as child support.

13. Debtor is a high school graduate with one semester of college credit. He has been continuously employed by Fareway Stores, Inc., since July, 1963. He has been the manager of the Indianola store since October, 1979.

14. Debtor has earned $78,897.00, $70,-746.00, and $72,266.00, in wages and earned income for the years 1985, 1986, and 1987, respectively.

15. As of May 14, 1988, Debtor had gross income for 1988 of $33,945.50.

16. Debtor is eligible for a bonus when the store is profitable. Debtor has never missed a bonus and his bonus has consistently equaled his weekly salary of $602.52.

17. Debtor's schedule of income and expenditures indicates his net monthly income is $2,400.00. This schedule shows that as of November 17, 1987, his monthly expenditures total $2,220.00. This figure includes $1,200.00 per month for a support payment. This support payment will be reduced fifty percent in August, 1990, and will be reduced to $1.00 a year in 1992.

18. Debtor has now submitted his statement of monthly expenses for himself and his wife. He testified his monthly expenses for himself and his wife now total $4,045.00. Debtor also testified his monthly income, excluding the bonus, remains at $2,400.00 per month. His wife's income is $600.00 per month, and the child support

payment is $500.00 per month, for a total of $3,500.00.

19. Debtor's recapitulation and summary of debts and payments filed on November 17, 1987, shows a total of $46,440.00 in debts and $83,530.00 in property.

20. Debtor is eligible for monetary benefits and pension under the Social Security Act. In the last few years, he has paid the maximum contribution. Other than benefits under said act, the profit sharing plan, and the 401(k) plan, Debtor has no other pension plans or benefits.

## DISCUSSION

Iowa Code section 627.6(8)(e) provides: A debtor who is a resident of this state may hold exempt from execution the following property:

.    .    .    .    .

8. The debtor's rights in:

.    .    .    .    .

(e) A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, *to the extent reasonably necessary for the support of the debtor* and any dependent of the debtor [emphasis added].

The objecting parties do not dispute Debtor's claimed exemptions in the pension and profit sharing plan and the 401(k) benefit plan qualify as a "pension, annuity, or similar plan or contract...." Thus, the sole issue is whether these plans are "reasonably necessary" for Debtor's support.

■ In construing section 627.6(8)(e), the court in *In re Flygstad*, 56 B.R. 884 (Bankr.N.D.Iowa 1986), set out numerous factors that must be considered on a case-by-case basis to determine if a plan is "reasonably necessary" for a debtor's support. Those factors include:

(1) Debtor's present and anticipated living expenses;

(2) Debtor's present and anticipated income from all sources;

(3) Age of the debtor and dependents;

(4) Health of the debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills, training, and education;

(7) Debtor's other assets, including exempt assets;

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the debtor and dependents; and

(11) Debtor's financial obligations, e.g., alimony or support payments.

*Id.* at 889–90. The Court will now address those factors.

■ ■ In the case at bar, an analysis of the factors leads the Court to conclude Debtor's pension and profit sharing plan and the 401(k) plan are not "reasonably necessary" for Debtor's support. The main factor cutting against Debtor is the fact that his average annual income over the past three years was approximately $74,000.00. Added to this amount is another $1,100.00 per month from his wife's salary and child support for the two step-children residing with Debtor. In addition, Debtor is only 44 years old and is in good health. His employment situation is very stable as he has worked for Fareway Stores for the past 25 years, the last 9 of which as manager of the Indianola store. Further, Debtor's monthly expenses of $4,045.00 include $1,200.00 in support payments to his former wife which will decrease to $600.00 per month in August, 1990, and further decrease to $1.00 per year in 1992. Finally, given Debtor's salary, future earning potential, decreasing support obligation, young age and good health, the Court believes Debtor will be quite able to save for retirement.

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the Court concludes Debtor's rights in payments under the pension and profit sharing plan and the 401(k) benefit plan are not reasonably necessary for the support of Debtor.

IT IS ACCORDINGLY ORDERED that the objections to Debtor's claim of exemptions are sustained.